UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
APR 18 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 10-20112

D-1, STEVEN DUANE DENT,

HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER OVERRULING DEFENDANT'S
OBJECTIONS TO THE PRESENTENCE REPORT**

I.

This is a criminal case. Pursuant to a Rule 11 plea agreement, Defendant Steven Duane Dent (Dent) pleaded guilty to one count of Conspiracy to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846.[1] A presentence investigation report was prepared by the probation department.

In the portion of the presentence report relating to Dent's criminal history, it listed the following two offenses, among others:

    42.    Delivery of a Controlled Substance Less Than 50 Grams, Fleeing and Eluding a Police Officer and Resisting and Obstructing a Police Officer/6th Circuit Court; Pontiac, MI; Case No.: 91-107787-FH (2/22/1991)

    43.    Delivery/Manufacture of a Controlled Substance Less Than 50 Grams; Cts. 2-4: Felonious Assault; Ct. 8: Fleeing a Police Officer-Second Offense; Ct. 9: Resisting and Obstructing a Police Officer; and Ct. 10:

---

[1] On August 12, 2013 the plea and Rule 11 agreement were taken under advisement. Dent was sentenced to 20 years' imprisonment followed by a 10 year term of supervised release on April 15, 2014. The plea was accepted and the Rule 11 agreement approved.

Reckless Driving/6th Circuit Court; Pontiac, MI; Case No.: 92-119725-FH (8/13/1992)

Although the above offenses occurred on separate dates, Dent was sentenced for both on the same day–July 31, 1995.  The reason being that after pleading guilty for the first offense, Dent failed to show up for sentencing.  Subsequently Dent was arrested for the second offense, tried, and found guilty by a jury.  As a result of the offenses counting separately in the presentence report, in addition to Dent's other criminal history, paragraph 32 classified Dent as a "career offender" under USSG § 4B1.1.

In a letter to the Court dated October 24, 2013, Dent objected to the two offenses being counted separately because he was sentenced on the same day for each offense.  In so doing, Dent seeks to avoid being characterized as a career offender because of two prior felony convictions of controlled substance offenses.  The Court construed Dent's letter as a motion.  During sentencing on April 15, 2014, the Court rejected Dent's argument and stated that it would explain its decision.  What follows is an explanation of why Dent's argument lacks merit.

II.

The Sentencing Guidelines provide that "[p]rior cases imposed in unrelated cases are to be counted separately."  USSG § 4A1.2(a)(2).  Under USSG § 4A1.2(a)(2),

> [p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense).  *If there is no intervening arrest*, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.

(emphasis added).

Here, the offenses in question occurred on separate dates and were separated by an intervening arrest. The sole reason that Dent was sentenced on the same day for both offenses is because he did not show up for sentencing after pleading guilty to the first offense. The offenses were correctly counted as separate under USSG § 4A1.2(a)(2). *See United States v. Carter*, 283 F.3d 755, 758 (6th Cir. 2002) ("The fact that judgment was pronounced on the same day with sentences to run concurrently . . . does not establish that the offenses were consolidated. Further, given the separate entries of judgment and the absence of an order of consolidation, the record below does not demonstrate an intention on the part of the trial court to consolidate the cases.") (citations omitted); *United States v. Fifer*, 377 F. App'x 429, 432 (6th Cir. 2010) ("Defendant's prior sentences are counted separately because they were separated by an intervening arrest.").

### III.

At the sentencing hearing, Dent also argued that the above offenses should not be counted because they occurred over 15 years ago. Dent is mistaken. USSG § 4A1.2(e)(1) states,

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, *that resulted in the defendant being incarcerated during any part of such fifteen-year period.*

(emphasis added).

Here, although the offenses occurred more than fifteen years ago, Dent was paroled on July 30, 2000. He was subsequently returned to custody on parole violations, paroled again on September 10, 2003, and discharged from parole on September 10, 2005. The offenses count under the Guidelines because Dent was incarcerated during the fifteen-year

3

period preceding the commencement of this case.

IV.

For these reasons, Dent's objections to the presentence report are OVERRULED.

SO ORDERED.

                                                              AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 4/18/14