UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                               Case No. 10-20112

STEVEN DENT,                                       HON. AVERN COHN

    Defendant/Petitioner.
_____/

# MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DECLINING TO ISSUE A CERTIFICATE OF APPEALALBILITY

I. Introduction

This is a criminal case. Petitioner Steven Dent, proceeding pro se, contends he is incarcerated in violation of his constitutional rights. Petitioner plead guilty under a Rule 11 agreement to conspiracy to distribute five (5) kilograms or more of cocaine, in violation to 21 U.S.C. § 846. Under the plea agreement, Petitioner waived his right to appeal his conviction or sentence, except that he preserved his right to appeal the order denying his motion to suppress. The Court sentenced Petitioner to 20 years. The Sixth Circuit affirmed the denial of his motion to suppress. United States v. Dent, 599 F. App'x 584 (6th Cir. 2015).

Before the Court is Petitioner's motion under § 2255 petition.[1] The government

---

[1] Petitioner also requests an evidentiary hearing. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255(b); Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) ("evidentiary hearings are not required when ... the record conclusively shows that the petitioner is entitled to no relief."). Here, because the files and records of the case conclusively

contends that Petitioner's claims are defaulted and lack merit. For the reasons that follow, the motion will be denied.

## II. Background

### A.

On March 15, 2007, Michigan State Trooper Matthew Unterbrink, stopped Petitioner on the grounds he had a defective taillight in violation of state traffic law. In reality, Petitioner had a defective running light which is not illegal. During the stop, Petitioner provided false information regarding his identity to Unterbrink and another trooper, Trooper Ben Bordner who had arrived on the scene to assist. Petitioner also tried to flee but was subsequently arrested. The troopers searched Petitioner's car and recovered a hidden duffle bag that contained thirteen (13) kilograms of cocaine. Petitioner was charged with drug trafficking by the State of Michigan, and a preliminary examination was conducted on April 2, 2007.

On June 20, 2008, Petitioner was again stopped in Monroe County, Michigan and officers recovered, in his possession, over 500 grams of heroin. Following his arrest, Petitioner agreed to cooperate with law enforcement. Petitioner did not cooperate; he fled. Petitioner was located years later, in 2012, in Arizona living under an assumed name.

Petitioner was then indicted for conspiracy to distribute the cocaine that was seized during the March 13, 2007 traffic stop, and conspiracy to distribute the heroin that was seized on June 20, 2008. As noted above, Petitioner plead guilty to one count

---

show that Petitioner is entitled to no relief as to the claims in his § 2255 motion, an evidentiary hearing is not necessary and the matter is ready for a decision by this Court

2

of conspiracy and was sentenced to 20 years imprisonment.

B.

Petitioner's motion presents nine issues:

1. Prior State drug convictions that were used to enhance his federal sentence did not qualify for federal sentencing enhancement. . .

2. Petitioner's Fourth Amendment rights were violated during the traffic stop.

3. Petitioner says that the "language of the career offender Guidelines dictates that the date of conviction, not the date of sentencing or term of incarnation, should determine whether a prior conviction qualifies for career offender enhancement purposes."

4. Ineffective assistance of appellate counsel

5. Ineffective assistance of appellate counsel "when he failed to raise the issue of probable cause and reasonable suspicion on direct appeal, though prompted to do so by defendant."

6. Ineffective assistance of appellate counsel, "when he failed to raise the issue of the conviction date in the career offender Guideline, though prompted to do so by defendant."

7. Petitioner claims, "a serious conflict of interest arose when appellate counsel failed to raise the career offender enhancement on direct appeal, after being directed to do so by this Court."

8. Petitioner claims that "this Court did not have subject matter jurisdiction over defendant's conviction."

9. Ineffective assistance of appellate counsel, "when he failed to raise the issue of subject matter jurisdiction on direct appeal, though prompted to do so by defendant."

III. Legal Standards

28 U.S.C. § 2255 provides:

A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255(a). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999).

As "[§] 2255 is not a substitute for a direct appeal," Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief, Frady, 456 U.S. at 166. Though non-constitutional errors are generally outside the scope of § 2255 relief, see United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "by establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process,' " Watson, 165 F.3d at 488 (internal quotation marks omitted) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990)). Accordingly, alleged sentencing errors, including the proper application of the guidelines, "does not warrant collateral relief under § 2255 absent a complete miscarriage of justice." Jones, 178 F.3d at 796.

Petitioner has raised allegations of ineffective assistance of counsel which may

4

be raised for the first time in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 508–09 (2003). To establish ineffective assistance of counsel under the Sixth Amendment, Petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. A court must afford defense attorneys "wide latitude" and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Defense counsel are entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011).

If Petitioner succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some conceivable effect on the outcome of the proceeding," Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94.

IV. Discussion

A. Claims 2 and 5

In claims 2 and 5, Petitioner argues that his Fourth Amendment rights were violated during the traffic stop and, as such, appellate counsel was ineffective for failing to raise the issue on direct appeal. Petitioner contends that Unterbrink stopped him

knowing that Petitioner had a defective running light, not a headlight, and therefore used the stop as a pretext. Petitioner's trial and appellate counsel challenged the legality of the stop on slightly different grounds. Counsel argued that the stop was unlawful because (1) Michigan law permits a vehicle to have defective running lights, and (2) the length of the stop was reasonable. In denying Petitioner's motion to suppress, the Court credited Unterbrink's testimony that he believed Petitioner had a defective headlight, not a running light. The Sixth Circuit affirmed. While Petitioner now wants to challenge the legality of the stop as pretextual, his argument fails in light of the Court's finding, affirmed by the Sixth Circuit, that the stop was reasonable and supported by probable cause and therefore could not be pretextual. Petitioner cannot relitigate the legality of the stop in these proceedings. It follows that appellate counsel was not ineffective for failing to challenge the stop on Petitioner's asserted ground. Petitioner is not entitled to relief on claim 2 or 5.

B.  Claims 8 and 9

The government says that Petitioner's eighth and ninth claims - that the court lacked jurisdiction and appellate counsel was ineffective for failing to raise the issue – are procedurally defaulted. Putting aside whether the claim should have been raised on direct appeal, the claim lacks merit. Although phrased as a jurisdictional claim, Petitioner is arguing that venue was improper. The Sixth Circuit has made clear that "venue is proper in conspiracy prosecutions in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was formed." United States v. Scaife, 749 F.2d 338 (6th Cir. 1984). Moreover, in the factual basis of the Rule 11 Agreement, Petitioner agreed that he conspired with co-defendant

6

Abel Ruiz and others to distribute about 12.95 kilograms of cocaine within the Eastern District of Michigan. (Doc. 90 at p. 1592). Because venue was proper, appellate counsel was not ineffective for failing to raise the issue. Petitioner is not entitled to relief on claim 8 or 9.

C. Claims 1, 6, and 7

Claims 1, 6, and 7 are challenges to Petitioner's sentence. In particular, Petitioner says that he should not have been sentenced as a career offender and appellate counsel should have raised the sentencing claim on direct appeal. The government says Petitioner's sentencing claims were considered and rejected by the Court in ruling on objections to the presentence report. The Court agrees. Before sentencing, Petitioner wrote a letter to the Court objecting to two prior drug convictions being counted separately because he was sentenced for both on the same day. The Court construed Petitioner's letter as a motion. The Court overruled Petitioner's objections on the record at sentencing and further explained its reasons in a Memorandum and Order Overruling Defendant's Objections to the Presentence Report (Doc. 96). In the memorandum, the Court said that "[t]he sole reason [Petitioner] was sentenced on the same day for both offenses is because he did not show up for sentencing after pleading guilty to the first offense." Id. at p. 3. The Court went on to explain that the offenses were properly considered separate under the guidelines and case law. The Court also rejected Petitioner's argument that the offenses should not be counted because they occurred over 15 years ago, explaining that because Petitioner was incarcerated during the 15 year period on parole violations, the offenses could be counted. Id. Nothing in Petitioner's motion convinces the Court that his sentence was

7

improperly calculated. As such, appellate counsel was not ineffective for failing to challenge Petitioner's sentence as a career offender on appeal.

V. Conclusion

For the reasons stated above, Petitioner has not demonstrated that he is entitled to relief under § 2255. Accordingly, the motion is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2] See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

                                                S/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

Dated: August 16, 2017
      Detroit, Michigan

---

[2] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

8