UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       Case No. 10-20112

STEVEN DENT,                          HON. AVERN COHN

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION SEEKING A REDUCTION OF SENTENCE (Doc. 130)

### I.

This is a criminal case.  Before the Court is defendant's "Motion for Reconsideration Pursuant to 18 U.S.C. § 3742(E) Post-Sentencing Rehabilitation Programming."  (Doc. 130).  For the reasons that follow, the motion is DENIED.

### II.

In 2013, Dent plead guilty under a Rule 11 agreement to conspiracy to distribute five (5) kilograms or more of cocaine, in violation to 21 U.S.C. § 846.  In the plea agreement, Dent waived his right to appeal his conviction or sentence, except that he preserved his right to appeal the order denying his motion to suppress.  The Court sentenced Dent to 20 years, the mandatory minimum.  The Sixth Circuit affirmed the denial of his motion to suppress.  United States v. Dent, 599 F. App'x 584 (6th Cir. 2015).  Dent then filed a motion under 28 U.S.C. § 2255 which the Court denied.  (Doc. 122).  The Sixth Circuit denied a certificate of appealability.  (Doc. 128).

III.

Dent argues that he is now entitled to a reduction in his mandatory 20-year sentence because he has taken various courses in prison.  In support, Dent cites 18 U.S.C. § 3742(e), Pepper v. United States, 562 U.S. 476 (2011), and an amended judgment in a case from the Southern District of West Virginia, United States v. Burns, Case No. 3:10-000121.

None of these grounds support the relief Dent seeks.  Section 3742(e) pertains to appellate review of a sentence.  In Pepper, the Supreme Court held that "[d]istrict courts post-Booker may consider evidence of a defendant's postsentencing rehabilitation at resentencing and such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."  Pepper, 562 U.S. at 504-05 .  Pepper does not apply to Dent because his sentence has not been set aside on appeal, he is not entitled to a resentencing, and he is not eligible for a downward variance because he is serving a statutory mandatory minimum sentence.  Finally, Dent's reliance on Burns is misplaced.  Burns obtained a sentencing reduction from the district court following a Rule 35 motion.  There is no such motion for Dent.

SO ORDERED.


                                        S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


Dated: 3/6/2019
        Detroit, Michigan